**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTIAN COREAS-GIRON, | No. 09-70577 |
| Petitioner, | Agency No. A094-917-285 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

Cristian Coreas-Giron, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's legal conclusions and review for substantial evidence factual findings. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009).  We deny the petition for review.

Substantial evidence supports the BIA's determination that Coreas-Giron failed to establish the extortion demands and threats from gang members were on account of a protected ground.  *See id.* at 856 (evidence supported conclusion that gang victimized the petitioner for economic and personal reasons rather than on account of a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Accordingly, because Coreas-Giron failed to demonstrate he was persecuted or fears persecution on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims.  *See Barrios*, 581 F.3d at 856; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

Substantial evidence also supports the agency's denial of CAT relief because petitioners did not establish a likelihood of being tortured in El Salvador.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

Finally, we reject Coreas-Giron's contention that his case should be remanded to the BIA in order to assess the impact of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Public Law 110-457, 122 Stat 5044. Since he lives with his mother in the United States, Coreas-Giron fails to meet the requirement for an unaccompanied alien child - that "no parent or legal guardian in the United States is available to provide care and physical custody." See 6 U.S.C. § 279(g)(2)(C)(ii).

**PETITION FOR REVIEW DENIED.**